UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL NO. 03-18-KKC

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS:  **REPORT AND RECOMMENDATION** | |
| GARY STURGILL | DEFENDANT |

\* \* \* \* \*

This matter was assigned to the undersigned Magistrate Judge for a hearing pursuant to a Supervised Release Violation Report filed by the United States Probation Office. A hearing was conducted on the 11th day of May, 2006, at which the defendant was personally present and represented by appointed counsel, Hon. Timothy Despotes, and the United States was represented by Assistant United States Attorney Stephen Smith. United States Probation Officer James M. Vicini, Jr. was also present.

Counsel for the parties informed the Court that, in lieu of hearing testimony of probation officer, James M. Vicini, Jr., they would stipulate the facts as contained in his Report of May 2, 2006, which stipulation was accepted after a hearing establishing the voluntariness and factual basis for same. The Magistrate

1

Judge, being so advised, makes the following proposed Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1) On April 29, 2004, the defendant was sentenced in this Court, pursuant to a plea of guilty, to possession with intent to distribute, and distribution of cocaine; and aiding and abetting. His punishment was fixed at a twelve (12) month and one (1) day term of imprisonment, to be followed by three (3) years of supervised release. The defendant began his three-year period of supervised release on April 28, 2005.

2) On February 17, 2006, the defendant was charged in Bell County District Court with; 1) no/expired registration plates; 2) no/expired Kentucky registration receipt; 3) failure to produce insurance card; 4) failure to wear seatbelt; and, 5) failure to use child restraint device in vehicle. He subsequently pled guilty to all five charges and judgment was entered thereon.

3) The defendant failure to notify the supervising officer of the above-mentioned charges.

4) The defendant has failed to submit monthly supervision reports since July of 2005.

5) On April 28, 2006, the defendant submitted a urine screen which tested positive for hydrocodone, THC and cocaine.

## CONCLUSIONS OF LAW

The stipulation proves, by clear and convincing evidence, that the defendant has violated the following conditions of his supervision:

- The defendant shall not commit another federal, state, or local crime.

- The defendant shall notify the probation officer within 72 hours of being questioned or arrested by a law enforcement officer.

- The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

- The defendant shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to a controlled substance, except as prescribed by a physician.

The fourth violation is the most serious violation, being a Grade B violation. Pursuant to Title 18, U.S.C., Section 3583(e), upon the finding of a Grade B violation, the Court shall terminate supervised release unless the Court determines that a drug treatment program would be more beneficial to the defendant. However, Mr. Sturgill has participated in out-patient substance abuse counseling since beginning this term of supervised release, which has been ineffective. Combining this with the drug usage as set out in the Supervised Release Violation

Report, which was admitted by the defendant in open court, the exception is not warranted in this case.

Pursuant to Guideline §7B1.4(a), it would appear that should the Court revoke Mr. Sturgill's supervision based on the Grade B violation and his criminal history category of I, the period of imprisonment would be four (4) to ten (10) months. The statutory maximum is a term not to exceed two (2) years. 18 U.S.C. §3583(e)(3). Of course, the Guidelines are advisory in nature, to be considered by the District Judge along with all relevant factors in exercising her sentencing discretion.

Counsel for the parties and the supervising officer have agreed to a recommendation that the defendant's supervision should be revoked, and that he be imprisoned for a period of seven (7) months, to be followed by the remaining balance of the term of supervised release, ending on April 27, 2008.

## **RECOMMENDATION**

IT IS THEREFORE RECOMMENDED as follows:

1) That the defendant's supervised release be REVOKED, and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of imprisonment seven (7) months; and,

2) That the sentence of imprisonment be followed by a new term of supervised release upon the same conditions and term presently existing, expiring on April 27, 2008.

The defendant has executed a waiver of allocution and right to appeal, which is filed in this action.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985).  Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  See *Howard v. Secretary of Health and Human Services,* 932 F.2d 505 at 509 (6th Cir. 1991). A party may file a response to another party's objection within ten (10) days after being served with a copy thereof.  Rule 72(b), Fed.R.Civ.P.

This the 11th day of May, 2006.



Signed By:
*J.B. Johnson, Jr.*
United States Magistrate Judge